UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH EDMUND PUERTAS,

                  Petitioner,

                                         CIVIL ACTION NO. 03-40157
v.

WILLIAM OVERTON,                      HONORABLE PAUL V. GADOLA
NICK LUDWICK, and                   UNITED STATES DISTRICT JUDGE
MICHAEL BOUCHARD,

                  Respondents.

_____/

## ORDER TRANSFERRING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT TO THE COURT OF APPEALS AS A SECOND OR SUCCESSIVE HABEAS CORPUS PETITION

Petitioner Joseph Edmund Puertas has moved for relief from the Court's Opinion and

Judgment denying his habeas corpus petition. After reviewing the motion, the Court has concluded

that it states a "claim" and therefore must be treated as a second or successive habeas corpus

petition. Because Petitioner has not obtained permission to file a second or successive habeas

petition, his motion must be transferred to the Court of Appeals for a determination on whether this

Court may consider his petition.

## I. Background

### A. The State Court Proceedings

In 1999, an Oakland County circuit court jury found Petitioner guilty of (1) conspiracy to

deliver 50 to 225 grams of a controlled substance, second offense, *see* MICH. COMP. LAWS §

333.7413(1)(c), (2) operating a criminal enterprise in violation of MICH. COMP. LAWS § 750.159i(1), and (3) six counts of delivery of less than 50 grams of cocaine, second offense, *see* MICH. COMP. LAWS § 333.7413(2). The trial court vacated Petitioner's conspiracy conviction and sentenced Petitioner to consecutive terms of two to twenty years in prison for operating a criminal enterprise and two to forty years in prison for each of the six counts of delivery of cocaine.

Petitioner filed a motion for new trial, which the trial court granted on grounds that the prosecution had violated the court's discovery order and failed to provide Petitioner with a state police report. The Michigan Court of Appeals reversed the trial court's grant of a new trial and reinstated Petitioner's convictions for operating a criminal enterprise and delivery of cocaine. *See People v. Puertas*, No. 224173 (Mich. Ct. App. Sept. 27, 2002). On May 22, 2003, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to it. *See People v. Puertas*, 468 Mich. 907; 661 N.W.2d 583 (2003) (table).

### B. The Federal Court Proceedings

Petitioner filed his habeas corpus petition on June 23, 2003. He alleged that (1) the prosecution failed to disclose a state police report, which was favorable to the defense because it contained allegations of public corruption during the investigation of Petitioner's case, (2) the prosecutor made improper remarks during closing arguments, (3) the trial court should have given a jury instruction on the presumption accorded to missing evidence, and (4) he was denied a fair trial by (a) the presentation of evidence that drug-sniffing dogs reacted to the odor of narcotics at Petitioner's business and (b) the trial court's failure to give a cautionary instruction regarding this evidence.

In the October 19, 2004 order the Court held that: (1) the result of the trial would not have been different had the state police report been disclosed before trial and, therefore, Petitioner had not satisfied all the elements of a claim under *Brady v. Maryland*, 373 U.S. 83 (1963); (2) Petitioner's claim about the prosecutor denigrating the defense was procedurally defaulted and his other claims about the prosecutor lacked merit because (a) the prosecutor was entitled to argue reasonable inferences from the evidence, (b) the prosecutor's question about whether Petitioner would testify at trial was harmless, and (c) the trial court struck the remarks about any discussion the jurors might have with their neighbors after the trial; (3) the lack of a jury instruction on missing affidavits did not deprive Petitioner of due process or a fair trial because the affidavits were submitted in unrelated criminal matters; and (4) the admission of "dog sniff" evidence, and the lack of a cautionary instruction on the evidence, did not deprive Petitioner of a fair trial because the State's expert admitted that a large percentage of currency is tainted with cocaine. *See Puertas v. Overton*, 342 F. Supp. 2d 649 (E.D. Mich. 2004).

The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision in an unpublished decision. *See Puertas v. Overton*, 168 Fed. Appx. 689 (6th Cir. 2006) (unpublished).[1] Petitioner filed a petition for the writ of certiorari, but the Supreme Court denied his petition. *See Puertas v. Caruso*, __ U.S. __, 127 S. Ct. 1148 (2007).

### C. The Motion for Relief from Judgment and Answer

Petitioner filed the present motion for relief from judgment alleging that his trial attorney was constitutionally ineffective for failing to: (1) call Petitioner's wife as a witness to explain the

---

[1] Circuit Judge Karen Nelson Moore filed a dissenting opinion.

source of $106,000 found in Petitioner's storage facility; (2) produce a dog-handling expert to rebut testimony by a prosecution witness that Petitioner's safe contained cocaine at one time; (3) honor Petitioner's desire to testify; (4) subpoena or use a state police report to impeach key prosecution witnesses; and (5) interview other witnesses whose testimony would have aided the defense. Petitioner contends that a conflict of interest prevented his appellate attorney from raising these issues in the Michigan Court of Appeals. Because none of these claims about trial and appellate counsel were raised in state court, Petitioner has asked the Court to set aside its judgment, stay these proceedings while he exhausts his remedies in state court, release him on bond, and consider his claims on their merits if he is unsuccessful in state court.[2]

Respondents argue that Petitioner's motion was not filed within a reasonable time and is not the proper vehicle for raising a new claim. Respondents also contend that Petitioner's claim lacks merit and that the Court has no authority to set aside its judgment or to stay these proceedings while Petitioner attempts to obtain further relief on a new claim.

## II. Discussion

Petitioner relies on Federal Rule of Civil Procedure 60(b)(6), which authorizes a federal

---

[2] Records maintained by the Michigan Department of Corrections on its official website indicate that Petitioner was released on parole on July 22, 2008. *See* http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=174635. Thus, his request for release on bond is moot. His motion, however, is not rendered moot by his release on parole because the restrictions imposed on a parolee constitute a concrete injury, "caused by [his] conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *see also Mabry v. Johnson*, 467 U.S. 504, 507 n.3 (1984) (noting that the case was not moot despite the fact that the prisoner had been paroled because he remained in the custody of the State); *Carafas v. LaVallee,* 391 U.S. 234, 237-38 (1968) (concluding that certain collateral consequences flowed from the inmate's conviction and prevented the case from becoming moot after the inmate was unconditionally released from custody).

court to relieve a party from a final judgment for any reason justifying relief. "[W]hether a Rule 60(b) motion may proceed in the habeas context depends on the nature of the relief the motion seeks." *Gonzalez v. Crosby*, 545 U.S. 524, 539 (2005) (Stevens, J., dissenting). A Rule 60(b) motion that asserts a federal basis for relief from a state court judgment of conviction states a "claim" and should be treated as a successive habeas petition. *Id*. at 530-31 (majority opinion). Motions under Rule 60(b) advance a "claim" if they assert a new ground for relief, seek leave to present newly discovered evidence, maintain that a change in the substantive law justifies relief, or attack the federal court's previous resolution of a claim on the merits. *Id*. at 530-32.

A motion that attacks "some defect in the integrity of the federal habeas proceedings" does not assert a "claim." *Id*. at 532. And "[w]hen no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id*. at 533. In other words, "[i]f neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id*.

A Rule 60(b) motion that seeks to add a new ground for relief clearly advances a "claim" and must be treated as a successive habeas petition. *Gonzalez*, 545 U.S. at 530-32. "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction -- even claims couched in the language of a true Rule 60(b) motion -- circumvents [the Antiterrorism and Effective Death Penalty Act's] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez*, 545 U.S. at 531 (citing 28 U.S.C. §

2244(b)(2)).

Petitioner now asserts that his state appellate attorney, who also assisted him with his federal habeas corpus petition, abandoned Petitioner when he attempted to assert his Sixth Amendment claims about trial counsel. He argues that his attorney's abandonment meets the standard of a "defect in the integrity of the federal habeas proceedings." This claim, however, has never been presented to this Court or the state appellate courts and, therefore, presents a new ground for relief. Furthermore, the Supreme Court stated in *Gonzalez* that an attack on a habeas attorney's omissions ordinarily do not go to the integrity of the habeas proceedings. *Id.* at 532 n.5. Therefore, Petitioner's motion is properly construed as a second or successive petition for writ of habeas corpus and must be transferred to the Court of Appeals for the Sixth Circuit. *Id.* at 530-31.

### III. Conclusion

Petitioner's motion for relief from judgment articulates a "claim" and does not attack a defect in the habeas proceedings. The Court therefore must treat the motion for relief from judgment as a second or successive habeas corpus petition, which requires precertification by the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because Petitioner filed his motion without § 2244(b)(3)

authorization from the Court of Appeals, the Court must transfer the motion to the Court of Appeals pursuant to 28 U.S.C. § 1631. *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997).[3] Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer Petitioner's motion for relief from judgment [docket #129] to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED.**

Dated:   September 11, 2008            s/Stephen J. Murphy, III for
                                       HONORABLE PAUL V. GADOLA
                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 11, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Mark J. Kriger; N.C. Deday LaRene; John S. Pallas; William G. Pierson            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ .


                                       s/Ruth A. Brissaud
                                       Ruth A. Brissaud, Case Manager
                                       (810) 341-7845

---

[3] Section 1631 provides in pertinent part:

Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.